# IN THE COURT OF APPEALS OF IOWA

No. 18-0693
Filed March 20, 2019

**PATRICK MILLER WEBB, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.


Patrick Miller Webb Jr. appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**


Cami N. Eslick of Eslick Law, Indianola, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.


Considered by Vogel, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

The State charged Patrick Miller Webb Jr. with several drug-related crimes arising from a stop of his vehicle. His first attorney moved to suppress the evidence. Before the court ruled on the motion, and with a different attorney representing him, Webb pled guilty to possession of methamphetamine with intent to deliver. *See* Iowa Code § 124.401(1)(b)(7) (2016).

Several months after judgment and sentence were imposed, Webb filed a postconviction-relief application challenging the automobile search that led to the discovery of methamphetamine. In an amended application, Webb claimed his plea attorney was ineffective in several respects. The district court denied the application following an evidentiary hearing.

On appeal, Webb asserts "his [plea] attorney failed to inform him she had not obtained or reviewed" a video of the traffic stop "requested in discovery in ascertaining the strength of the [m]otion to [s]uppress versus the benefits of taking a plea." He argues the omission amounted to ineffective assistance. To prove the claim, Webb must show (1) counsel's performance was deficient and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Webb cannot establish deficient performance. At the postconviction-relief hearing, he testified the basis of the vehicle stop was speeding. He claimed "audio and video footage" of the stop would confirm he "was not speeding." However, the judicially-noticed minutes of testimony stated the basis for the stop was not speeding but a "license plate cover blocking a portion of the registration sticker." A judicially-noticed motion to suppress filed by Webb's first attorney also stated, "Webb was stopped for an alleged license plate violation." Because the basis for

the stop was a violation other than speeding, the audio and video footage would have been of scant utility in corroborating Webb's assertion.

Equally compelling in finding counsel's performance adequate are Webb's concessions about the extent of counsel's work on and discussion of the suppression issue. Webb agreed his attorney "did provide [him] with some research on the suppression" motion, including "a little outline" and "her suppression that she would file." He also agreed counsel told him he had a viable argument, counsel said it was up to him to decide whether to pursue the suppression motion, and counsel advised him the decision not to proceed was his.

Notably, Webb's plea attorney raised the existence of "potential suppression issues" at the plea proceeding. She informed the district court she had "discussed those [issues] with" Webb. She represented that, "In order to take advantage of the plea offer and avoid some of the risk," Webb "decided to forgo any suppression issue."

Webb also agreed the plea-taking court explained the ramifications of pleading guilty. Specifically, he agreed the court asked him if he understood that, by pleading guilty, he would be relinquishing his right to argue potential suppression issues. Webb testified he answered yes to this question.

On our de novo review, we conclude Webb's plea attorney was not ineffective in handling the suppression issue. We affirm the district court's denial of Webb's postconviction-relief application.

**AFFIRMED.**